# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 9, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| KIPP MICKLES, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 24-1328V |
| | * | |
| v. | * | Special Master Nora Beth Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

David John Carney, Green & Schafle LLC, Philadelphia, PA, for Petitioner.
Adam Nemeth Muffett, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON INTERIM ATTORNEYS' FEES AND COSTS**[1]

On August 27, 2024, Kipp Mickles ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act," "the Program,"), 42 U.S.C. § 300aa-10 et seq. (2018)[2] alleging that as a result of an influenza ("flu") vaccination on December 16, 2021, he developed Bell's palsy. Petition at Preamble (ECF No. 1).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

On November 24, 2025, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys who worked on his case.  Petitioner's Counsel's Application for Interim Attorneys Fees and Costs ("Pet. App."), dated Nov. 24, 2025 (ECF No. 37).  Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $54,131.00
**Attorneys' Costs** – $1,507.45

Petitioner thus requests a total of $55,638.45.

Respondent filed his response on November 28, 2025, stating that he "defers to the Special Master as to whether [P]etitioner has established a reasonable basis for this claim." Respondent's Response to Pet. App. ("Resp. Response"), dated Nov. 28, 2025, at 2 (ECF No. 38).  Petitioner did not file a reply.

This matter is now ripe for adjudication.  For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards **$50,225.35** in attorneys' fees and costs.

I.  DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id.  If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears to have been brought in good faith and reasonable basis, and Respondent does not appear to have any objections.  The undersigned finds that an award of interim attorneys' fees and costs is appropriate here where Petitioner informed Mr. Carney of his intent to seek new counsel. Pet. App. at 11-12.  A consented motion to substitute counsel has been filed, however, Mr. Carney has not yet withdrawn from this matter.

A.  Attorneys' Fees

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are

2

"excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by the Respondent and without providing the Petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

### 1. Hourly Rates

Here, Petitioner requests the following hourly rates for the attorneys and paralegals who worked on this matter:

**David J. Carney – Attorney**
    2022: $400.00
    2023: $425.00
    2024: $450.00
    2025: $475.00

**Adam M. Green – Attorney**
    2024: $450.00
    2025: $475.00

**Law Clerks**
    2024-2025: $157.50

**Paralegals**
    2020-2022: $145.00
    2023-2024: $175.00
    2025: $185.00

The undersigned finds these rates are reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program work. See, e.g., Ray v. Sec'y of Health & Hum. Servs., No. 20-321V, 2025 WL 2780387, at *3 (Fed. Cl. Spec. Mstr. Sept. 5, 2025); LaBine v. Sec'y of Health & Hum. Servs., No. 17-1443V, 2025 WL 2093352, at *3 (Fed. Cl. Spec. Mstr. June 30, 2025); Belker-Frechette v. Sec'y of Health and

3

Hum. Servs., No. 21-2043V, 2025 WL 1794358, at *2 (Fed. Cl. Spec. Mstr. May 20, 2025); Grant v. Sec'y of Health & Hum. Servs., No. 20-1262V, 2024 WL 3176349, at *2 (Fed. Cl. Spec. Mstr. May 28, 2024). The undersigned will therefore award the above rates in full.

### 2.     Reduction of Billable Hours

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989). Petitioner bears the burden of documenting the fees and costs claimed.

Upon review of the submitted billing records, the undersigned finds reductions necessary for the following reasons.

First, there is time billed for non-compensable administrative tasks (e.g., filing and preparing documents). It is well known in the Vaccine Program that billing for some administrative tasks, even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023) ("Clerical and secretarial tasks should not be billed at all, regardless of who performs them."). The preparation of records and exhibits for filing has repeatedly been deemed administrative and thus noncompensable. See, e.g., Wallace v. Sec'y of Health & Hum. Servs., No. 17-1074V, 2018 WL 6977489, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2018) (noting the preparation of medical records an administrative and noncompensable task); Phelan ex rel. A.P. v. Sec'y of Health & Hum. Servs., No. 18-1366V, 2025 WL 1453777, at *3 (Fed. Cl. Spec. Mstr. Apr. 30, 2025) (same). Filing exhibits are also considered administrative tasks. See, e.g., Wakileh v. Sec'y of Health & Hum. Servs., No. 21-1136V, 2023 WL 9228198, at *3 (Fed. Cl. Spec. Mstr. Dec. 18, 2023).

Here, some of the administrative, non-compensable tasks were billed by Mr. Carney at his attorney rate. And these entries constitute block billing, containing both compensable and non-compensable tasks. For example, on April 25, 2025, Mr. Carney billed 0.4 hours ($190.00) for "Reviewed Massage Certificate from Haller, labeled documents of evidence for filing with the Court." Pet. App. at 26. Mr. Carney also billed 0.5 hours ($237.50) for "Motion for Ruling on the Record: finalized brief with final edit and filed with the Court." Id. at 27. It is impossible to determine how much time was expended to each individual task in these entries. Thus, the undersigned is unable to discern the time spent on compensable versus non-compensable tasks.

Other non-compensable tasks were billed by Mr. Carney's paralegal. For example, counsel's paralegal billed a total $664.00 for "received records, downloaded, audited for accuracy, and saved to file." Pet. App., Ex. A. Counsel's paralegal also billed a total of

4

$703.00 for "opened file;" "[f]iled [p]etition, [e]xhibit list[,] and [c]over [s]heet with the Court electronically;" "prepared and bates stamped exhibits 1-16 . . . and filed exhibits;" and "prepared and bates stamped exhibits 17 and 25 . . . and filed exhibits." Id.

These issues have previously been raised with Mr. Carney. See, e.g., Ray, 2025 WL 2780387, at *3-4 (reducing fees by 10% in part for billing for non-compensable administrative); LaBine, 2025 WL 2093352, at *4 (reducing fees by 10% for billing for non-compensable administrative tasks (e.g., filing documents, calendaring dates, and downloading and saving documents)); Franklin v. Sec'y of Health & Hum. Servs., No. 20-33V, 2024 WL 4604591, at *8 (Fed. Cl. Spec. Mstr. Oct. 3, 2024) (same).

"It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable." Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989)); see also Broekelschen, 102 Fed. Cl. at 729.

The undersigned also notes the number of hours spent on certain aspects of this case was excessive. Of note, on August 1, 2025, Mr. Carney billed 0.5 hours ($237.50) for reviewing a joint status report from Respondent that was two sentences in length. Pet. App. at 28. Additionally, counsel's law clerk spent an excessive amount of time preparing witness affidavits. Following the filing on Respondent's Rule 4(c) Report in February 2025, Petitioner was directed to file evidence in support of the severity requirement. From March 2025 to April 2025, counsel's law clerk billed 32.1 hours for work pertaining to 6 affidavits totaling 26 pages. Some of this time was spent saving the affidavits to the file, which is non-compensable. Additionally, Mr. Carney also spent time (9.5 hours) working on these affidavits. Thus, a total of 41.6 hours, or approximately $9,568.25, was spent on six affidavits or 26 pages. The undersigned finds this excessive.

Again, issues of excessiveness are not new to counsel. See, e.g., LaBine, 2025 WL 2093352, at *4 (reducing time spent on post-hearing briefing due to excessiveness); Valdez v. Sec'y of Health & Hum. Servs., No. 21-0394V, 2024 WL 1854875, at *3-4 (Fed. Cl. Spec. Mstr. Mar. 29, 2024) (same); Smith v. Sec'y of Health & Hum. Servs., No. 21-0409V, 2024 WL 1912580, at *3-4 (Fed. Cl. Spec. Mstr. Mar. 29, 2024) (same).

Lastly, the undersigned also questions three billing entries on January 25, 2023 for the same task: "emails to and from client re. case status, meds to order, ongoing medical status." Pet. App. at 17. Additionally, Mr. Carney double billed for reviewing a Court order on April 28, 2025. Id. at 27.

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. Broekelschen, 102 Fed. Cl. at 729. Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson, 24 Cl. Ct. at 484. Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee

5

applications." Saxton, 3 F.3d at 1521. Special masters may reduce the number of hours submitted by a percentage of the amount charged so long as a "concise but clear" justification for the reduction is provided. Abbott v. Sec'y of Health & Hum. Servs., 135 Fed. Cl. 107, 111 (2017). Special masters need not explain how many hours are appropriate. Raymo v. Sec'y of Health & Hum. Servs., 129 Fed. Cl. 691, 702 (2016).

Given the above-mentioned issues, the undersigned finds a reduction of 10% from the total fees request reasonable and appropriate. This results in a reduction of **$5,413.10**.[3]

### B. Attorneys' Costs

Petitioner requests $1,507.45 for the filing fee and obtaining medical records. Petitioner has provided adequate documentation supporting these costs, and the undersigned will award them in full.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $54,131.00 |
| Reduction of Attorneys' Fees: | - ($5,413.10) |
| Awarded Attorneys' Fees: | $48,717.90 |
| | |
| Requested Attorneys' Costs: | $1,507.45 |
| Reduction of Attorneys' Costs: | - ($0.00) |
| Awarded Attorneys' Costs: | $1,507.45 |
| **Total Attorneys' Fees and Costs:** | **$50,225.35** |

**Accordingly, the undersigned awards:**

**Petitioner is awarded interim attorneys' fees and costs in the total amount of $50,225.35, to be paid through an ACH deposit to Petitioner's counsel's, Mr. David Carney's, IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

**IT IS SO ORDERED.**

---

[3] $54,131.00 x 0.10 = $5,413.10.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**s/ Nora Beth Dorsey**  
Nora Beth Dorsey  
Special Master